Argued July 2, reversed September 8, 1914.

## DAY v. WEYANT.

(143 Pac. 891.)

**Partnership—Ownership of Property—Evidence.**

1. Where a partner is in charge of a brick manufacturing plant, while the fact that he deals with it as his own may be *prima facie* evidence of ownership, the presumption may be overcome by proof of facts.

[As to the liability of a partner's separate property for firm debts, see note in 18 Am. Dec. 280.]

**Partnership—Attachment for Debts of Partner—Property Subject—Ownership.**

2. Under a contract whereby one partner furnished money to purchase materials for a brick manufacturing plant, and he retained the title, all money received to be paid to him to be applied among other things, in the payment of wages to the other partner for managing the business, one half of the profits to go to each partner, but the second partner's share of the profits to be applied in repayment of the advances by the first partner, the property belonging to the first partner is not subject to attachment for debts of the second partner, though the contract was recorded; there having been no chattel mortgage or transfer as security by the second partner to the first without change of possession, but a purchase from other parties.

From Marion: PERCY R. KELLY, Judge.

Department 2.    Statement by Mr. Justice Eakin.

This is an action of trover by Robin D. Day against D. H. Weyant and R. R. Ryan, to recover the value of brick alleged to have been converted by the defendant Ryan.    On June 28, 1912, Ryan entered into an agreement with Weyant in the following language:

## "Articles of Agreement.

"Between R. R. Ryan, party of the first part, and D. H. Weyant, party of the second part.    Said party of the first part is to put up or furnish $1,500, first, to pay off the lumber bill of the Falls City Lumber Company for materials already furnished, the balance to be used in the purchase of machinery and material to manufacture cement brick, and later cement tiling. The machinery and all manufactured products and all material is to be owned exclusively by said party of the first part and all moneys collected by the firm is to be turned over to the first party, after all labor, material, and other expenses are paid, then one half of the profits is to go to each party, but the profits of the second party is to be applied to the payment of the interest and principal of the money put into the business by the party of the first part, including the payment of the lumber bill to the Falls City Lumber Company for the material already used.    All collections for goods sold is to be turned over to the party of the first part.    Party of the second part is to receive wages of $2.50 per day for ten hours' labor, actual time employed in the manufacture of the product, and is to have charge of the plant as foreman so long as satisfactorily managed and turns out a first-class product.    When the second party has paid back to the party of the first part one half of the money put into the business in addition to the amount paid the lumber company for material already used in the building and for the brick now on hand, he shall have a half interest in the machinery and products of the plant.    The second party is to pay 8 per cent interest on all the moneys put into the said business until it

is paid in full; when so paid the second party is to have peaceable possession of the machinery and products, but if failure is made to make payments as stipulated within one year, all of said property is to belong to and remain the property of the party of the first part."

Thereupon the defendant paid for lumber . used, bought machinery for the manufacture of brick and material used· therein, and otherwise advanced money as agreed, and the business of manufacturing brick was commenced by the defendant and Weyant, of which Weyant had charge and supervision. The contract evidently contemplated that there should be a partnership between the two, in which Weyant should have half the profits from the start, but all money received by the firm was to be turned over to Ryan, from which the labor was to be paid, and Weyant was to have $2.50 a day; his share of the profits to be applied in repayment to Ryan of the half of the sum advanced until paid. The contract provides for the money to be advanced and how the plant, product and profits shall be disposed of. The funds were to be handled by the firm, and the machinery, material and product were to be owned by Ryan until he should be repaid. After Weyant's share of the profits should pay to Ryan one half of the amount advanced, Weyant was to own a half interest in the machinery and product. The contract was recorded April 3, 1913. Rodgers sued Weyant for debt and attempted to attach brick manufactured at the plant of Ryan and Weyant as the property of Weyant. The record does not show a legal attachment. Plaintiff was the purchaser of 5,000 brick at an attempted sale thereof, and Ryan refusing to let him move them from the plant, he brings this action for conversion. On May 12, 1913, Ryan ob-

tained title to the ground on which the manufacture
of the brick was carried on, and on which the brick
were still situated.   Judgment was rendered for plain-
tiff, and the defendant appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the names
of *Mr. Carey F. Martin* and *Mr. Ivan G. Martin,* with
an oral argument by *Mr. Carey F. Martin.*

For respondent there was a brief over the names of
*Messrs. McNary, Smith & Shields,* with an oral argu-
ment by *Mr. Roy F. Shields.*

MR. JUSTICE EAKIN delivered the opinion of the
court.

1. There is no bill of exceptions before us, and there
is but one question argued, namely, the construction
to be placed upon the agreement between Ryan and
Weyant.  As there was no objection to the absence
of the bill of exceptions and the transcript of the evi-
dence is brief, we will treat it as such.  We will not
refer to the sufficiency of the attachment or the man-
ner of its proof.  Ryan's rights in the business do
not depend on the fact of the recording of the con-
tract.  The machinery and material were purchased
by him, and he is still the owner of it.  Weyant's
share of the profits has not yet paid Ryan the half
of the money advanced by him.  The contract is sim-
ply the evidence of a business arrangement between
the parties, and is not a chattel mortgage, but Ryan
was to advance money to pay certain expenses, buy
machinery and material with a view to a partnership
between the contracting parties; the plant to be oper-
ated by the partnership.  All the money so received

was to be turned over to Ryan to be used, first, to pay Weyant's wages and to pay for labor and material. They were each to share equally in the profits, and Weyant's half was to be applied to the repayment of one half of the amount advanced by Ryan, who was to be the owner of the machinery, material and product until such repayment. Weyant had authority to hire laborers and purchase material for the manufacture of the product. The instrument is not adroitly drawn, but it fairly expresses the intention of the parties. Weyant was in charge of the plant, and, if he dealt with it as his own, that might be *prima facie* evidence of ownership, as in the case of a team or other property which is put in charge of a teamster, the owner is not precluded by what the teamster may do or say, but may overcome the statutory presumption by proof of facts.

2. Ryan being the owner of the machinery, material and product, it could not be taken in attachment for Weyant's debts. Although the evidence tended to show that Weyant had exercised acts of ownership over the brick, selling and mortgaging some of it, that would not necessarily authorize the officer to attach them as the property of Weyant. At most, it would be but *prima facie* evidence, and in this case Ryan's rights did not depend upon the record of the contract. He was in constructive possession and the owner. The extent to which the contract was recognized in the lower court as a chattel mortgage, or that Ryan's rights thereunder depended upon the record thereof, was error. This was not a case of a transfer of property as security for a debt without a change of possession, but a purchase of property by Ryan from other parties. The title remained in him.

The judgment is reversed and the cause remanded for such further proceedings as may seem proper.

　　　　　　　　　　　　REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE BURNETT concur.